J-S13008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW ALLEN SAUTER | |
| Appellant | No. 958 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 21, 2021
In the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000103-2019

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 09, 2022**

Appellant Matthew Allen Sauter appeals from the July 21, 2021 judgment of sentence entered in the Court of Common Pleas of Lycoming County ("trial court"), following his bench convictions for multiple counts of sexual abuse of a minor. Upon review, we affirm.

The facts and procedural history of this case are undisputed. Briefly, Appellant was charged with 96 counts of sexual offenses that arose out of his engaging in oral, anal and vaginal intercourse with a minor female when she was between the age of twelve (12) and fourteen (14) years.[1] Appellant

_____

* Former Justice specially assigned to the Superior Court.

[1] Specifically, Appellant was charged with <u>twelve counts</u> of rape of a child (18 Pa.C.S.A. § 3121(c)), <u>twelve counts</u> of statutory sexual assault (18 Pa.C.S.A. § 3122.1(b)), <u>twelve counts</u> of involuntary deviate sexual intercourse ("IDSI") (18 Pa.C.S.A. § 3123(a)(7)), <u>twelve counts</u> of
*(Footnote Continued Next Page)*

proceeded to a non-jury trial, following which the trial court found him guilty of all charges except six counts of rape of a child, six counts of aggravated indecent assault – complainant less than 13 years old, and six counts of indecent assault – complainant less than 13 years old.  In total, the trial court found Appellant guilty of 78 separate counts of sexual offenses against the minor.  On March 3, 2021, the trial court designated Appellant as a sexually violent predator and sentenced him to an aggregate term of 90 to 180 years' imprisonment.[2]  Following a motion for reconsideration of sentence, the trial court on July 21, 2021 amended the judgment of sentence to reflect that certain offenses merged with either rape of child, statutory sexual assault and/or IDSI for sentencing purposes.  The merger, however, did not affect the trial court's overall sentencing scheme or

_(Footnote Continued)_ ————————————

aggravated indecent assault – complainant less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)), twelve counts of aggravated indecent assault – complainant less than 16 years of age (18 Pa.C.S.A. § 3125(a)(8)), twelve counts of corruption of minors (sexual offenses) (18 Pa.C.S.A. § 6301(a)(1)(ii)), twelve counts of indecent assault – complainant less than 13 years of age (18 Pa.C.S.A. § 3126(a)(7)), and twelve counts of indecent assault – complainant less than 16 years of age (18 Pa.C.S.A. § 3126(a)(8)).

[2] In particular, on each of the six convictions for rape of child, the trial court sentenced Appellant to ten (10) to twenty (20) years in prison.  The sentences were ordered to run consecutively for a total of 60 to 120 years' imprisonment.  On six of the twelve convictions for IDSI, the trial court imposed a sentence of five (5) to ten (10) years' imprisonment.  The IDSI sentences were to run consecutive to each other—for an aggregate of 30 to 60 years in prison—and consecutive to Appellant's sentence for rape of child.  On the remaining 66 counts, the trial court either imposed sentences to run concurrently with the rape sentences or directed no further punishment.

Appellant's aggregate sentence. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents a single issue for our review.

I.    Whether he sentencing court abused its discretion by imposing a manifestly excessive and unduly harsh sentence without sufficiently considering the fundamental norms underlying the sentencing process.

Appellant's Brief at 7. Essentially, Appellant argues that the trial court abused its discretion in imposing upon him a *de facto* life sentence by directing that sentences for six counts of rape of the child and six counts of IDSI be run consecutive to each other.[3]

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be

_____

[3] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting ***Commonwealth v. Cunningham***, 805 A.2d 566, 575 (Pa. Super. 2002)), ***appeal denied***, 64 A.3d 630 (Pa. 2013).

considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001), ***appeal denied***, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part ***Moury*** test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[4] We, therefore, need to determine only if Appellant's sentencing issues raise a substantial question.

_____

[4] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a
*(Footnote Continued Next Page)*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), ***affirmed***, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa.

*(Footnote Continued)* ———————————

concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" ***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement:

> Appellant states a substantial question as to whether the sentence was contrary to the fundamental norms of the sentencing process because the court unreasonably sentenced [A]ppellant to consecutive sentences that would ultimately result in a life sentence.

Appellant's Brief at 13.[5]

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." ***Moury***, 992 A.2d at 171 (citation omitted). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013); ***see also*** 42 Pa.C.S.A. § 9721(a) (providing that the court may impose sentences "consecutively or

---

[5] To the extent Appellant argues that the trial court abused its discretion in failing to address sentencing factors or specifically failed to take into account the protection of public or his rehabilitative needs, the argument is waived. Appellant did not raise this issue before the trial court or in his Rule 1925(b) statement. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) (issues not included in a 1925(b) statement are waived).

concurrently"); ***Commonwealth v. Johnson***, 873 A.2d 704, 709 n.2 (Pa. Super. 2005) (noting that challenges to the trial court's discretion to impose consecutive or concurrent sentences ordinarily does not raise a substantial question); ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171-72 (citation omitted).

Based on Appellant's 2119(f) statement, we accept that Appellant raises a substantial question, given the aggregate length of the sentence imposed. ***Commonwealth v. Prisk***, 13 A.3d 526 (Pa. Super. 2011).[6]

---

[6] Appellant's suggestion that the trial court generally failed to consider his mitigating circumstances also does not raise a substantial question. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010)); ***see also Commonwealth v. Berry***, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), ***appeal denied***, 676 A.2d 1195 (Pa. 1996); ***Commonwealth v. Bershad***, 693 A.2d 1303, 1309 (Pa. Super.
*(Footnote Continued Next Page)*

Appellant principally relies upon **Commonwealth v. Coulverson**, 34 A.3d 135 (Pa. Super. 2011), **appeal denied**, 93 A.3d 461 (Pa. 2014) for relief. There, the defendant pled guilty to rape, IDSI, sexual assault, aggravated indecent assault, robbery, unlawful restraint, terroristic threats, and two counts of indecent assault that he committed when he was 19 years old. **Coulverson**, 34 A.3d at 138–39. The sentencing court imposed an 18 to 90–year aggregate term of imprisonment, which included the imposition of multiple **consecutive statutory maximum sentences** to accomplish the upper end of the sentence. **Id.** at 139. On appeal, we found that the imposition of a 90–year maximum sentence on a 19–year old defendant was "clearly unreasonable" as the trial court imposed a virtual life sentence, failing to give any consideration to defendant's characteristics and improperly basing its determination that defendant should "spend as much of his life in prison as the court could order[.]" **Id.** at 148.

_(Footnote Continued)_ ————————————————

1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Even if we were to find a substantial question, we still would conclude Appellant is not entitled to relief. Where, as here, the sentencing court had the benefit of a presentence investigation report, **see** N.T. Sentencing, 3/3/21, at 19-21, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. **See Commonwealth v. Griffin**, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and internal quotation marks omitted), **appeal denied**, 76 A.3d 538 (Pa. 2013).

In the present case, as opposed to **Coulverson**, the trial court imposed a standard range sentence that did not extend to the statutory maximum. Indeed, the minimum sentence and the maximum sentence are both within the standard range of the guidelines and the maximum sentence is two times the minimum sentence. In contrast, in **Coulverson**, the defendant's maximum sentence was five times his minimum sentence. Reliance on **Coulverson**, therefore, is misplaced.

The instant case, however, is similar to **Prisk**. There, the defendant was convicted of 314 offenses, including multiple counts of rape, IDSI, and indecent assault. **Prisk**, 13 A.3d at 528. He sexually abused his stepdaughter for seven years, beginning when she was ten years old. **Id.** The trial court imposed an aggregate sentence of 633 to 1,500 years' imprisonment. **Id.** at 529. On direct appeal to this Court, the defendant "assert[ed] his aggregate sentence [was] manifestly excessive and unreasonable, because the court imposed consecutive sentences for some of his convictions," the "court failed to recognize the absurdity of the aggregate sentence imposed," and "[b]ased on his current life expectancy, . . . his minimum sentence [was] roughly twelve times longer than necessary for the court to have effectively imposed a life sentence." **Id.** at 532.

In denying relief, we reasoned:

[W]e must emphasize that the jury found [the defendant] guilty of [314] separate offenses. These offenses stemmed from [the defendant's] systematic sexual abuse of his stepdaughter, which occurred on an almost daily basis over the course of six years. Further, the court did not impose consecutive sentences for

every count. At the same time, [the defendant] was not entitled to a "volume discount" for his multiple offenses. Based upon the foregoing, we will not deem the aggregate sentence as excessive in light of the violent criminal conduct at issue.

*Id.* at 533 (citation omitted).

Here, based on uncontradicted evidence of record, Appellant used his position of trust and authority as a father figure to sexually assault the minor female victim over two and a half years. As the trial court reasoned:

Here, Appellant's acts were predatory, intentional and occurred repeatedly. Appellant formerly dated the victim's mother for approximately five years. The victim and her brother viewed Appellant as a father figure. After Appellant and the victim's mother ended their relationship, the victim's mother lost her housing and abandoned the children. The victim's mother joined a carnival and ultimately relinquished her parental rights to her sister and her sister's husband. They suffered a house fire. They were living in a hotel and then a rental in the Williamsport area.

During this tumultuous time in the child's life, she happened to see Appellant at a birthday party for a mutual acquaintance. Shortly thereafter, Appellant began visiting the children every other week. The visits occurred at the residence where Appellant lived with his mother. Appellant's bedroom was in the basement of the house and the children slept downstairs with him. At first, the visits involved both children but shortly after the visits started Appellant began visiting with the victim one weekend and her brother the next. Appellant would make the victim's brother sleep on an uncomfortable couch in his bedroom, but he would have the victim sleep in his bed with him.

While the victim was alone in the basement with Appellant, he repeatedly sexually abused her. He subjected her to vaginal, oral and anal intercourse on a biweekly basis. He violated her in countless degrading and unspeakable ways. He arranged for visits claiming he was a father figure, yet defied everything expected of a loving and fiduciary relationship. He utilized his position of trust to satisfy his deviant desires at the expense of

- 10 -

the victim's quality of life. Although he may not have physically taken her life, she will have to live with what Appellant did to her every day of her life. She will have a lifetime of trauma, stress, remorse, physical issues, social issues and emotional issues. Her life is forever changed and the hurdles she will have to overcome to have a normal life, a normal sex life and a normal relationship with someone are going to be huge.

Trial Court Opinion, 10/4/21, at 4-5. Thus, we agree with the trial court that Appellant must not receive a volume discount for committing multiple heinous crimes on account of his age or other factors. As noted, Appellant sexually assault a young girl, who viewed him as a father figure, over the course of two and a half years. Under the circumstances of this case, and consistent with **Prisk**, we cannot conclude that the trial court abused its sentencing discretion, especially where the court did not impose a consecutive sentence for every count. Accordingly, Appellant is not entitled to relief.[7]

Judgment of sentence affirmed.

_____

[7] Where, as here, the sentencing court had the benefit of a presentence investigation report, *see* N.T. Sentencing, 3/3/21, at 19-21, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. **See Commonwealth v. Griffin**, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and internal quotation marks omitted), **appeal denied**, 76 A.3d 538 (Pa. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/09/2022